**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**WILLIAM FEDOR,**

**Plaintiff,**                                                                                       **No. _____**

-against-                                                                                            **COMPLAINT**

**MIDLAND FUNDING LLC and**
**FORSTER & GARBUS, LLP,**

        **Defendants.**

---

### I. Introduction

1. This is an action for damages brought by an individual consumer for the violation by Defendants Midland Funding LLC and Forster & Garbus, LLP of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The debt sought to be collected by Midland Funding, LLC and Forster & Garbus, LLP was an alleged consumer credit debt of Plaintiff William Fedor to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

### II.     JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III.     PARTIES

3. Plaintiff William Fedor ("Fedor") is a natural person residing in the County of Monroe at 28 Clover Park Drive, Apt. 2, Rochester, New York 14618.

4. Upon information and belief, Defendant Midland Funding LLC ("Midland Funding"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5. Upon information and belief, Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic registered limited liability partnership engaged in the business of collecting debts in New York and is authorized to do business in this state, and has an address for service at 60 Motor Parkway, Commack, New York 11725.

6. Midland Funding is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Midland Funding itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

7. Forster & Garbus is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Fedor qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

### IV.     FACTUAL ALLEGATIONS

9. On February 24, 2015, Midland Funding by its attorneys, Forster & Garbus, served a collection action against Fedor in Rochester City Court, Rochester, New York, entitled *Midland Funding LLC A/P/O Citibank (South Dakota), N.A. v. William Fedor*, Index No. CV-000270/RO.  The collection summons and complaint was served on Fedor subsequent to filing.

10. The complaint in the collection action alleged a single cause of action in which Midland Funding alleged that it purchased a credit card account from Citibank, N.A. on which Fedor was liable for $2,984.26.

11. Midland Funding further alleged in the collection complaint to have obtained the credit card account originally owned by Citibank on which it brought a lawsuit against Fedor, after the credit card account was already in default.

12. Fedor retained an attorney, David M. Kaplan, to defend him in the collection action, and incurred liability for attorney fees.  On or about March 11, 2015, Fedor interposed an answer in which he denied the allegations of the collection action complaint, and raised various affirmative defenses, including lack of standing.  On the same date, Fedor also served discovery requests consisting of his First Set of Interrogatories and his Notice of Discovery and Inspection.  In the discovery requests, Fedor requested proof of Midland Funding's claims.

13. On December 7, 2015, Fedor filed a Note of Issue.  Because the amount in controversy was less than $6,000.00, the matter was noticed for mandatory arbitration pursuant to 22 NYCRR Part 28.  On February 8, 2016, arbitration was conducted by Arbitrator Barbara J. Orenstein, Esq. Fedor's attorney appeared at the arbitration on

behalf of Fedor.  Midland Funding appeared at the arbitration by local counsel for Forster & Garbus.  Midland Funding had no witnesses, and was unable to proffer any evidence.  The arbitrator awarded a decision in favor of Fedor against Midland Funding for no cause of action.

14. Prior to the arbitration, Midland Funding and Forster & Garbus failed to serve any responses to Fedor's discovery requests, despite an order of Rochester City Court compelling discovery.

15. The caption in the Rochester City Court collection claim against Fedor designated the plaintiff as *Midland Funding LLC A/P/O Citibank (South Dakota), N.A.*  The term "A/P/O" is short for "as purchaser of."  Therefore the caption on the summons as well as on the complaint in the collection claim set forth a plaintiff called "Midland Funding LLC as purchaser of Citibank (South Dakota), N.A."

16. Midland Funding LLC never purchased Citibank (South Dakota), N.A.

17. The designation of the plaintiff in the collection claim is therefore inaccurate, deceptive, and confusing.  Such a plaintiff does not actually exist.

18. An unsophisticated consumer that was a defendant in the collection action would be confused by such a designation, and would not know who the plaintiff was – whether it was Midland Funding LLC; Citibank; Midland Funding as the purchaser of Citibank; or otherwise.  The consumer could easily be deceived into believing that the original creditor was bringing the collection claim rather than a debt buyer in its own name, or that Midland Funding LLC was authorized as the purchaser of Citibank to bring the collection claim without any transfer of the disputed account to Midland Funding.  Moreover, the term "A/P/O" is not a recognized legal term, and there is no legitimate

basis for putting this term in the caption.

19. In his interrogatories and request for production to Midland Funding in the Rochester City Court action, Fedor requested, among other things, documents that showed valid assignments from the alleged original creditor to Midland Funding; however, Midland Funding failed and refused to respond to such discovery requests and failed and refused to provide documentation showing any assignment or assignments from the alleged original creditor to Midland Funding.

20. Upon information and belief, Midland Funding was incapable, and continues to be incapable, of proving with evidence admissible in Rochester City Court that it owned any account on which Fedor was originally liable to Citibank by acquiring such an account through one or multiple assignments from Citibank.

21. Midland Funding and Forster & Garbus represented directly and/or indirectly, and expressly and/or by implication, that they intended to prove the claims set forth in the Rochester City Court complaint if such claims were contested.

22. In fact, Midland Funding and Forster & Garbus had no intent to prove the claims set forth in its Rochester City Court complaint if such claims were contested, as they were by Fedor.  As stated above, Midland Funding and Forster & Garbus failed to respond to discovery requests made by Fedor seeking proof of Midland Funding's claims to own the debt as well as other proof (despite an order to compel such discovery), and although local counsel appeared for Forster & Garbus at the arbitration, no witnesses were produced at the arbitration and there was no basis to admit into evidence any proof of Midland Funding's claims.

23. Fedor is liable for attorney fees in the amount of $500.00 for the defense of

the Rochester City Court action.

## V.  FIRST CLAIM FOR RELIEF

24. Fedor repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

25. Midland Funding violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Midland Funding misrepresented in the collection complaint that it owned, through assignment from Citibank, a credit card debt on which Fedor was liable, when in fact it could not show then or at any time that it was the owner of any such debt, or was ever assigned such debt.

26. Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692e by designating the plaintiff in the caption of the collection claim as Midland Funding LLC A/P/O Citibank (South Dakota), N.A., which deceptively and misleadingly represented that Midland Funding purchased Citibank (South Dakota), N.A., and was suing in the capacity of a purchaser of Citibank when in fact it was not.  In addition, a consumer could easily be confused by such a designation, and would not know if the plaintiff was Midland Funding LLC; Citibank; Midland Funding as the purchaser of Citibank; or otherwise.

27. Midland Funding violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Fedor the character, amount and legal status of the alleged debt.  Midland Funding falsely represented in the collection complaint that it owned the alleged debt in the amount stated.  In fact, Midland Funding

had no basis for asserting such ownership, and therefore no legal basis on which to ever attempt collection of the debt, or claim that Fedor owed it any amount.  Midland Funding's claim to own the debt also violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

28.     Midland Funding violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Midland Funding violated the general application of § 1692f because it did not own the credit card debt alleged to be owed by Fedor in the collection complaint.  Midland Funding also violated the specific conduct prohibited by § 1692f(1) because there was no agreement that authorized Midland Funding to collect any amount from Fedor with regard to any Citibank credit card account.

29.     Midland Funding and Forster & Garbus also violated Section 1692e(2)(A) of the FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer.  Midland Funding's claim that it was the purchaser of the original creditor also violated 15 U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to collect or attempt to collect a debt.

30. Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692e(14) with its claim in the caption to be "Midland Funding LLC A/P/O Citibank (South Dakota), N.A.," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

31. Midland Funding and Forster & Garbus violated Sections 1692e, 1692e(2)(A), 1692e(5) and 1692e(1) of the FDCPA based on their false and misleading representations that they intended to prove the claims set forth in the Rochester City Court complaint if such claims were contested, when in fact they did not intend to prove such claims if they were contested.

32. As a result of the above violations of the FDCPA, Midland Funding and Forster & Garbus are liable to Fedor for his actual damages for the cost of attorney fees in defending the lawsuit in Rochester City Court in the amount of $500, statutory damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages in the amount of $500.

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as may be just and proper.

Dated: February 23, 2016

                        Respectfully submitted,

                        s/David M. Kaplan
                        David M. Kaplan
                        Attorney for Plaintiff
                        2129 Five Mile Line Road
                        Penfield, NY 14526

585-330-2222
dmkaplan@rochester.rr.com

Case 6:16-cv-06111-CJS   Document 1   Filed 02/23/16   Page 9 of 9

9